# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-61028
Summary Calendar

SHAWN O'HARA,

Plaintiff-Appellant,

v.

PETAL POLICE DEPARTMENT,
c/o Chief Lee Shelbourne, et al.;
DAVID BENOIT, Acting as a Petal Police Officer;
DAVID BENOIT, Acting as an Individual;
JONATHON NOBLES, Acting as a Petal Police Officer;
JONATHON NOBLES, Acting as an Individual;
BRIAN PACE, Acting as a Petal Police Officer;
BRIAN PACE, Acting as an Individual;
DANA ANDERSON, Acting as a Petal Police Officer;
DANA ANDERSON, Acting as an Individual,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 2:05-CV-103
No. 2:05-CV-104

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Shawn O'Hara appeals the summary judgment and the dismissal with prejudice of his consolidated suits. Construed liberally, O'Hara's pro se brief contains argument on the denial of his false arrest and false imprisonment claims on qualified immunity grounds, the alleged improper treatment of his car and daughter, the denial of his claims under the Voting Rights Act of 1965 ("VRA") and the Fair Housing Act of 1968 ("FHA"), and the denial of his state law claims on account of his failure to file the notice of claim required under the Mississippi Tort Claims Act ("MTCA"). O'Hara has waived appellate review of any other issues. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (recognizing that even pro se litigants must brief arguments to preserve them).

O'Hara argues that the district court erred in determining that defendants were entitled to qualified immunity with respect to his claims that defendants falsely arrested and falsely imprisoned him when they removed him from a laundry business on July 4, 2004. This court reviews de novo a summary judgment predicated on qualified immunity, applying the same standards as does a district court. See Mack v. City of Abilene, 461 F.3d 547, 555 (5th Cir. 2006).

After reviewing the record, we conclude that the district court did not err in determining that defendants are entitled to qualified immunity because a reasonable officer under the same circumstances could have concluded that O'Hara had committed or was committing an offense. See Haggerty v. Tex. S. Univ., 391 F.3d 653, 655-56 (5th Cir. 2004). Defendants' actions regarding O'Hara's car and daughter during the approximate two-hour period that O'Hara was detained also were objectively reasonable for qualified immunity purposes. See United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Castro, 166 F.3d 728, 734 (5th Cir. 1999); United States v. Ponce, 8 F.3d 989, 996 (5th Cir. 1993).

Furthermore, the dispatch record contradicts O'Hara's contention that Dana Anderson falsely conveyed, in dispatching officers to the laundry, that O'Hara had previously been escorted off the laundry premises by police. O'Hara's unsupported and conclusory assertion that Anderson lied is insufficient to establish the existence of a genuine issue for trial. See FED. R. CIV. P. 56(e); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Defendants' actions concerning the July 4 incident were objectively reasonable for qualified immunity purposes, irrespective of the details of any prior incident at the laundry involving O'Hara. O'Hara's assertion that defendants' answers to his complaints contained perjury is without merit.

O'Hara's allegations regarding the VRA and FHA do not implicate the protections afforded under those acts. See Allen v. State Bd. of Elections, 393 U.S. 544, 548 (1969) (VRA); Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 530 (5th Cir. 1996) (FHA). Regardless of whether O'Hara satisfied the MTCA's notice requirement, defendants' actions were objectively reasonable, and O'Hara thus cannot make the showing required for recovery under the MTCA. See MISS. CODE ANN. § 11-46-9(1)(c) (2002).

AFFIRMED.